UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-24564

PATRICIO X. ROSAS and
JAKELINE SALDARRIAGA,

    Plaintiffs,

v.

GALAXY INTERNATIONAL
PURCHASING, LLC,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
## JURY DEMAND

1.    Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and wrongful garnishment.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant sent letters into this District and sued in this District.

## PARTIES

3.    Plaintiff, PATRICIO X. ROSAS ("ROSAS"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Plaintiff, JAKELINE SALDARRIAGA ("SALDARRIAGA") is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

5. Defendant, GALAXY INTERNATIONAL PURCHASING, LLC ("GALAXY"), is a corporation organized under the laws of the State of Nevada. Its principal place of business is 4730 South Fort Apache Road, Suite 300, Las Vegas, NV 89147.

6. Galaxy is registered with the Florida Department of State, Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Co., 1201 Hays St., Tallahassee, Florida 32301.

7. Galaxy is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Galaxy regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Galaxy retained Rausch, Sturm, Israel, Enerson & Hornik, LLP ("Rausch Sturm") to collect a consumer debt against Rosas and has retained Rausch, Sturm, Israel, Enerson & Hornik, LLP to file more than 100 lawsuits in Florida within the last year.

10. Galaxy and its state court counsel regularly initiate litigation to collect debts.

11. Galaxy is a "debt collector" as defined in the FDCPA.

12. Galaxy is liable to Plaintiffs for the actions of Rausch Sturm taken on behalf of Galaxy.

**FACTUAL ALLEGATIONS**

13. Defendant sought to collect from Rosas an alleged debt for a consumer loan.

14. The debt was incurred for personal, household, or family purpose.

15. Rosas failed to pay the original creditor and the debt it went into default.

16. Thereafter, Galaxy purchased the alleged debt from the original creditor or a subsequent owner and then retained Rausch Sturm to collect the alleged debt on behalf of Galaxy.

17. Galaxy, through Rausch Sturm, filed a state court action against Rosas for an alleged credit card debt.

18. On August 21, 2019, Galaxy obtained a final judgment against Rosas.

19. On February 11, 2020, Galaxy obtained a Writ of Garnishment, which was served on the Garnishee, Chase Bank, on February 26, 2020. The Garnishee answered on March 10, 2020. A copy of the Garnishee's Answer is attached as Exhibit "A."

20. The Garnishee's Answer also disclosed a joint account holder: Jakeline Saldarriaga. *See* Exhibit "A."

21. Fla. Stat. §77.055 states:

"Within 5 days after service of the garnishee's answer on the plaintiff …, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service."

22. Fla. Stat. §77.055 required the notice to defendant ("second notice") be served by first class mail on the Defendant and any other account holder disclosed in the Garnishee's Answer within five (5) business days.

23. Under the requirements of Fla. Stat. §77.055, Galaxy should have mailed the notice to defendant to Plaintiffs no later than March 17, 2020.

24. Galaxy never mailed the second notice to either Plaintiff.

3

25. Plaintiffs were required to retain legal counsel to move to dissolve the Writ of Garnishment based on Midland's failure to comply with Fla. Stat. §77.055.

26. Plaintiffs moved to dissolve the Writ of Garnishment on July 23, 2020, and a hearing on Defendant's Motion was set for September 14, 2020. A copy of the Motion to Dissolve the Writ of Garnishment is attached as Exhibit "B."

27. At the September 14, 2020, hearing on the Motion to Dissolve Garnishment, the state court granted the motion and dissolved the garnishment. Galaxy, through counsel, attended the hearing and argued that by having a judgment against Rosas and obtaining a Writ of Garnishment, that they had complied with the garnishment statutes. A copy of the Order Dissolving Writ of Garnishment is attached as Exhibit "C."

28. Galaxy caused the Plaintiff's bank account to be garnished for seven (7) months after its Writ of Garnishment should have been dissolved for its failure to serve the second notice under Florida law.

29. Galaxy knew or should have known that as of March 17, 2020, that it failed to comply with the garnishment statutes.

30. In Florida, "[i]t is fundamental that garnishment statutes must be strictly construed." Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83, 86 (Fla. 3rd DCA 2013) (*citing* Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995.

31. Galaxy caused the money that Plaintiffs and their family desperately needed to be withheld from them for an additional seven (7) months.

32. Even after Plaintiff moved to dissolve the garnishment, Galaxy did nothing and made frivolous arguments at the hearing on the Motion to Dissolve Garnishment.

33. Defendant acted in malice to harass and pressure Plaintiffs in an effort to financially benefit itself.

34. Plaintiffs suffered damages as a result of Defendant's improper actions and seek statutory, compensatory and punitive damages

35. On September 16, 2020, two days after the state court dissolved the Writ of Garnishment, Galaxy filed a Motion for Final Judgment in Garnishment. A copy of the Motion for Final Judgment in Garnishment as Exhibit "D."

36. Galaxy falsely claimed that it had sent the notice to Rosas and Saldarriaga pursuant to Fla. Stat. §77.055. *See* Exhibit "D."

37. Galaxy falsely claimed that the state court Defendants "failed to move to dissolve [the] garnishment." *See* Exhibit "D."

38. Galaxy sought to tax the garnishment costs against Rosas even though by the time it filed its motion, it had no legal right to recover its garnishment costs.

39. Rosas moved to dissolve the Writ of Garnishment almost two (2) months before Galaxy's Motion for Final Judgment in Garnishment and he filed a Claim of Exemption more than five (5) months before Galaxy's motion.

40. Galaxy's Motion for Final Judgment in Garnishment is replete with false statements.

41. Defendant's actions caused Plaintiffs to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I
## CONTINUING TO GARNISH BANK ACCOUNT IN VIOLATION OF 15 U.S.C. §1692f

42. Plaintiff incorporates Paragraphs 1 through 41.

43. Galaxy continued to cause Chase Bank to withhold Plaintiffs' much needed funds for seven (7) months after it failed to comply with Fla. Stat. §77.055, in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of them and against Defendant for:

    a. Actual, statutory, and punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL GARNISHMENT

44. Plaintiffs incorporate Paragraphs 1 through 41.

45. Defendant continued to garnish Plaintiffs' bank account for an additional seven (7) months even after it knew or should have known that it failed to comply with Florida's garnishment statutes and did so with malice.

46. Defendant knowingly caused the Garnishee to withhold twenty-five percent (25%) of Plaintiff's wages for an additional ten (10) to eleven (11) months when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper

## COUNT III – FALSE STATEMENT TO A TRIBUNAL

47. Plaintiff incorporates Paragraphs 1 through 41.

48. Galaxy falsely stated to the state court that it was entitled to final judgment in garnishment.

49. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

 a. Statutory, actual damages, and punitive damages;

 b. Attorney's fees, litigation expenses and costs of suit; and

 c. Such other or further relief as the Court deems proper.

### COUNT IV – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

50. Plaintiff incorporates Paragraphs 1 through 41.

51. Defendant alleged that Plaintiffs forfeited their right to the funds in the garnished bank account in violation of 15 U.S.C. §1692e(2)(a).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

 a. Statutory and actual damages;

 b. Attorney's fees, litigation expenses and costs of suit; and

 c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>Debt Shield Law
>3440 Hollywood Blvd., Suite 415
>Hollywood, FL 33021
>Tel:	305-776-1805
>Fax:	305-503-9457
>legal@debtshieldlaw.com
>joel@debtshieldlaw.com
>
>  */s/ Joel D. Lucoff*
>Joel D. Lucoff
>Fla. Bar No. 192163